UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  1:17-CIV-61756-Cooke/Goodman
Referred to Magistrate Judge Edwin G. Torres on July 16, 2018 (DE 68)

RICARDO JORGE OLGUIN,

    Plaintiff,

v.

FLORIDA'S ULTIMATE HEAVY HAULING,
LLC, doing business as Florida's Ultimate Heavy
Hauling and Rigging,
MICHAEL CAMMARATA, and
AMIE CAMMARATA,

    Defendants.
_____/

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT AGREEMENT, FOR LEAVE TO FILE MOTION FOR ATTORNEY'S FEES AND BILL OF COSTS

Defendants, Florida's Ultimate Heavy Hauling, LLC ("**FUHH**"), Michael Cammarata, and Amie Cammarata (the "**Cammaratas**") (collectively "**Defendants**"), by and through their undersigned counsel, file this Response to Plaintiff's Motion for Entry of Order Approving Settlement Agreement, for Leave to File Motion for Attorney's Fees and Bill of Costs [DE 67] ("**Plaintiff's Motion**") and in support of this Motion state as follows:

### Summary of Response

1.    The bulk of Plaintiff's Motion is devoted to posturing Plaintiff's claim for attorney's fees. Defendants decline to burden the Court with a full response to these aspects of Plaintiff's Motion at this time, but do so in an abbreviated fashion to provide support for Defendants' request that the Court retain jurisdiction to consider a request by Defendants for an

assessment of attorney's fees and costs against Plaintiff's counsel pursuant to this Court's inherent authority to police bad faith conduct. *Chambers v NASCO, Inc.*, 501 U.S. 32, 41 (1991)(discussing the Court's three sources of sanctions authority).

2.  Plaintiff's Motion attempts to create the illusion that: 1) Plaintiff has compromised his $10,137.64 overtime claim[1] to resolve his $783.00 minimum wage claim;[2] and 2) Plaintiff was caught by surprise by Defendants' assertion "nearly eight months after Plaintiff's Complaint was filed" of the defense of tender of payment – i.e., that Defendants had tendered Plaintiff's final paycheck before the Complaint was filed. The truth is otherwise, as demonstrated below.

3.  Lastly, while seeking Court approval for what Plaintiff terms a "settlement," Plaintiff's Motion fails to address the typical factors this Court must consider in making such a determination. Without conceding that approval of a full tender is required[3] or makes sense in the context of private litigation such as this,[4] Defendants nevertheless address the factors this Court should consider below.

### Plaintiff's Acceptance of Defendants' Third Unconditional Tender of Claimed Minimum Wages is Not a Compromise

4.  Plaintiff's Motion correctly recites that on June 12, 2018, Defendants agreed to unconditionally tender $783.00 in claimed minimum wages and liquidated damages to Plaintiff.[5] However, Plaintiff's Motion fails to fully and fairly advise the Court that prior to the June 12, 2018 unconditional tender, Defendants had made two other unconditional tenders to Plaintiff –

---

[1] DE 11-1.
[2] DE 31, pp. 1-2.
[3] Defendants acknowledge the contrary conclusion from the 11th Circuit in *Wolff v Royal American Management*, 545 Fed. Appx. 791, 794-795 (11th Cir. 2013).
[4] See, *Martin v. Spring Break '83 Productions, LLC*, 688 F.3d 247 at note 10 (5th Cir. 2012) (questioning relevance of *Lynn Foods* FLSA settlement approval requirement in private litigation in which employees are represented by counsel, speak English and where liability is disputed in good faith).
[5] Plaintiff's Motion, p. 2.

one before and one after Plaintiff filed his Complaint. Defendants first tendered $510.00 in final wages to Plaintiff on August 25, 2017[6] - 11 days before Plaintiff's Complaint was filed. Defendants later tendered $859.11 to Plaintiff's counsel on October 26, 2017[7] - 51 days after Plaintiff's Complaint was filed. Neither tender was accepted.

5. Nevertheless, on June 12, 2018 – 280 days after Plaintiff's Complaint was filed – Plaintiff finally agreed to accept a third unconditional tender of $783.00 which Plaintiff's counsel represented to be "100% of the claimed minimum wages owed."[8] Plaintiff's Motion represents that this June 12, 2018 "settlement" is a "compromise"[9] of his FLSA overtime and minimum wage claims. Plaintiff's Motion suggests this was due to: 1) Defendant's 11th hour pleading amendment to assert tender of the disputed minimum wages as a defense; and 2) documents produced during discovery indicating the applicability of the Federal Motor Carrier Safety Act ("**FMCSA**") overtime exemption. A full and fair disclosure of the facts betrays these arguments.

6. First, Plaintiff's Motion suggests that Plaintiff "compromised"[10] his FLSA claims because Defendants were permitted to assert the affirmative defense of tender of payment "nearly *eight months* after Plaintiff's Complaint was filed."[11] Plaintiff is correct that Defendants were granted leave to file their First Amended Answer on April 25, 2018 and did so, asserting, *inter alia*, the affirmative defense of tender of payment.[12] However, Plaintiff's Motion fails to fully and fairly advise the Court that Defendants first raised the tender of payment defense and

---

[6] See Defendants' Motion for Summary Judgment [DE 30, at ¶19], Defendants' Statement of Undisputed Material Fact [DE 30-1, at #17 and 18], and A Cammarata Declaration [DE 30-2, at ¶¶15-16].
[7] DE 21.
[8] Plaintiff's Motion, at p. 2.
[9] Plaintiff's Motion, at pp. 7-8.
[10] Plaintiff's Motion, at pp. 7-8.
[11] Plaintiff's Motion, at p. 8.
[12] DE 36, p. 4 at ¶21.

produced documents supporting the defense on October 27, 2018 – *52 days* after Plaintiff's Complaint was filed – in their Response to Plaintiff's Statement of Claim.[13] Thus, Defendant's April 2018 Amended Answer asserting tender of payment as a defense did not motivate Plaintiff's decision to finally accept Defendant's third unconditional tender of claimed FLSA damages in June 2018 since Plaintiff had been aware of the defense (and the documents supporting it) eight months earlier.

7.  Second, Plaintiff's Motion states that Plaintiff agreed to forego his overtime claim upon his receipt of documents "Defendants produced…*during discovery*" that "could [be] used to argue that Plaintiff's solely intrastate" trucking activity for Defendants fell within the FMCSA overtime exemption to the FLSA.[14] The truth is that the documents demonstrating the applicability of the FMCSA exemption were produced on October 27, 2017[15] - 228 days before Plaintiff's acceptance of Defendants' third unconditional tender. Thus, Plaintiff's October 2017 receipt of those documents did not motivate Plaintiff to forego his overtime claim or finally (in June 2018) accept Defendants' third unconditional tender to forestall this litigation. Indeed, Plaintiff had expressly and unconditionally *abandoned* his overtime claim on March 26, 2018 in his Response [DE 32 at p. 2] to Defendants' Motion for Summary Judgment, stating "Plaintiff is not pursuing Plaintiff's overtime claim and is not challenging summary judgment on that claim."[16]

---

[13] DE 21.

[14] Plaintiff's Motion, at p. 8.

[15] DE 22.

[16] Plaintiff's Motion, p. 8 suggests Plaintiff offered, by way of settlement demand a few hours before Defendants filed their Motion for Summary Judgment, to waive his overtime claim. Plaintiff fails to fully and fairly advise the Court that Plaintiff's settlement demand also required Defendants to release Plaintiff from an approximately $8,000 claim for property damages Plaintiff caused when he drove his FUHH vehicle into 5 parked cars during his brief 23 day term of employment with FUHH – a settlement tem Defendants did not and cannot take seriously. See, Plaintiff's Motion, Ex. F [DE 67-6]. As a side note, Defendants were not "unhappy with Plaintiff's decision to end his employment" (Plaintiff's Motion, p. 8); rather they were elated as Plaintiff was about to be dropped from

8. Thus, there is no compromise of Plaintiff's FLSA claims. Plaintiff expressly abandoned his overtime claim in March, 2018 and has (finally – for reasons unknown) agreed to accept full tender of his alleged minimum wages and liquidated damages. *Wolff v Royal American Management* notwithstanding, there would not seem to be anything to approve as a practical matter and nothing for the Court to oversee regarding a "settlement" as Defendants unconditionally tendered the full amount of Plaintiff's alleged minimum wages and liquidated damages on June 12, 2018.

### Request to Retain Jurisdiction to Determine Defendants' Motion for Sanctions

9. Defendants will pursue recovery of their attorney's fees and costs incurred in defense of Plaintiff's claims, pursuant to this Court's inherent authority, for the bad faith conduct of Plaintiff's counsel, including in part that summarized above. *Chambers*, 501 U.S. at 45-46 (Courts retain inherent power to assess attorney's fees and costs against a party and/or his attorney when either has "acted in bad faith, vexatiously, wantonly or for oppressive reasons.").

10. Generally, Plaintiff's counsel filed overtime and minimum wage claims without conducting any reasonable pre-suit investigation, filed the claims anyway, pursued irrelevant discovery in the form of 73 requests for production to each of three defendants to exert financial pressure on defendants, persisted in prosecuting an overtime claim for over 200 days after it was obvious that the claim had no merit as Plaintiff was exempt from the FLSA's overtime requirements under the FMCSA, and refused repeated tenders of (more than) the full amount of claimed minimum wages and/or liquidated damages. This is the precise type of litigation conduct which resulted in the Court's exercise of its inherent power to punish bad faith conduct in an

---

FUHH's liability insurance policy because of his penchant for hitting parked cars (literally) every week of his employment.

FLSA case and an award to the employer of its costs of defense against the plaintiff's counsel. *Rodriguez v. Marble Care Int'l, Inc*, 863 F. Supp. 2d 1168 (S.D. Fla. 2012).

### Approval Factors

11.     Assuming arguendo, the Court feels compelled[17] to undertake approval of the June 12, 2018 unconditional tender outlined in Plaintiff's Motion, the Court must examine various factors. While *Lynn's Food* does not identify any criteria by which an FLSA compromise settlement is to be evaluated, the general consensus in this Circuit is that the Court should examine: 1) the existence of fraud or collusion; 2) the complexity, expense, and likely duration of the litigation; 3) the stage of the proceedings and amount of discovery completed; 4) the probability of Plaintiff's success on the merits; 5) the range of possible recovery; and 6) the opinions of counsel. *Pessoa v. Countrywide Home Loans, Inc.*, 2007 WL 1017577 *3 (M.D. Fla. 2007).

12.     The undersigned is not aware of any fraud or collusion in arriving at the June 12, 2018 tender, and Plaintiff's Motion admits of none.

13.     The claims at issue are not complex and would not be unreasonably expensive or difficult (for either party) to bring to trial. Plaintiff abandoned his overtime claim, and determination of the minimum wage would turn on demonstrating the number of hours Plaintiff actually worked in his final week of work and whether Defendants' tenders before and/or after suit constituted a defense to the minimum wage claim. The case could be tried in two days inclusive of voir dire.

14.     This matter was resolved roughly nine months after Plaintiff's Complaint was filed, after written discovery was completed and while Defendants' motion for summary judgment was pending on all claims.

---

[17] *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

15. Plaintiff's <u>likelihood of success on the merits</u> was minimal. Plaintiff abandoned his overtime claim and his minimum wage claim would depend solely on the extent to which he could demonstrate his claimed hours of work were accurate and whether he could convince a jury that Defendants' pre-suit tender of more than he currently claims in unpaid wages was somehow ineffectual.

16. The <u>range of Plaintiff's possible recovery was negligible</u>. Plaintiff's sole surviving claim is for $783.00 inclusive of liquidated damages.

17. Plaintiff's Motion argues that the June 12, 2018 tender is fair and reasonable. Defendant's counsel does not disagree. Thus, the <u>opinion of all counsel</u> support this factor.

**WHEREFORE**, Defendants respectfully request that the Court deny Plaintiff's Motion for the reasons argued above, but should the Court determine it must do so pursuant to Eleventh Circuit precedent that it approve the June 12, 2018 tender for the reasons argued above, and retain jurisdiction to permit Defendants to pursue recovery of their defense costs pursuant to this Court's inherent authority.

DATED on this 8th day of August, 2018.

Respectfully submitted,

By: */s/ Kelly H. Kolb*
Kelly H. Kolb, Esquire
Florida Bar Number 0343330
Mary Beth Ricke, Esquire
Florida Bar Number 107213
Buchanan Ingersoll & Rooney, PC
401 E. Las Olas Boulevard, Suite 2250
Fort Lauderdale, FL 33301-4251
Tel: (954) 468-2300
Fax: (954) 527-9915
Email: kelly.kolb@bipc.com
Email: marybeth.ricke@bipc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Kelly H. Kolb*

SERVICE LIST:

Elliot Ari Kozolchyk
Koz Law PA
320 S.E. 9th street
Fort Lauderdale, FL 33316
786-924-9929
Email: ekoz@kozlawfirm.com